UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL HALE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:17CV239-PPS/MGG |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Michael Hale, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-12-114) in which a Disciplinary Hearing Officer (DHO) found him guilty of battery in violation of Indiana Department of Correction (IDOC) policy B-212. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. ECF 7-4.

Hale argues that he is entitled to habeas corpus relief because the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not

1

much, it still must point to the accused's guilt. It is not our province to assess
the comparative weight of the evidence underlying the disciplinary board's
decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

A prisoner violates B-212 by, "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Here, the Conduct Report charged Hale as follows:

> On 12-9-16 at approx. 8:30pm Capt. S. McCann and myself (Lt. K. Zimmerman) were reviewing the cameras for a incident (sic) that occurred in PCU D-Block at approx. 4:48pm. We witnessed on PCU D-Block upper camera Offender Hale, Michael #884687 PCU D-2-7 spray an unknown liquid substance from his cell down to the lower range onto Offender Pierce, Ryan #124384 D-1-8.

ECF 7-1. Captain McCann submitted a witness statement to the DHO, stating:

> On December 9, 2016 at 6:00pm Lt. Zimmerman (white) received a request form from offender Spicer, Wilburn #961376 (white) PCU D-1-2 stating that offender Hale, Michael #884687 (white) D-2-7 had been threatening other offenders in D-Block and had sprayed a liquid substance from his cell onto offender Pierce, Ryan #124384 (white) D-1-8 at 4:48pm. I, Capt. McCann (white) reviewed the PCU D-Block upper camera at 4:48pm and observed a liquid substance being sprayed from Hale's cell onto Pierce who was standing on the 100 range. Hale was written up for assault without causing bodily injury (B212), suicide screened and moved to IDU 1E140.

ECF 7-5. During his hearing, Hale's defense was that "[t]hey were horseplaying." ECF 7-4.

The DHO had sufficient evidence to find Hale guilty. In prison disciplinary cases, there need only be a "mere modicum" of evidence indicating the prisoner's guilt, and

"meager" evidence will suffice. *See Webb*, 224 F.3d at 652. In this case, the DHO's finding of guilt was not arbitrary or unreasonable in light of the evidence that: (i) Hale threw liquid out of his cell and toward the open gallery below; (ii) Hale had previously threatened other offenders in his cell house; and (iii) the liquid splashed onto an inmate on the lower gallery.

Hale appears to argue that the punishment in this case did not fit the crime, so to speak. However, federal courts have long recognized the importance of preserving the deference granted to prison officials in determining day-to-day operational matters such as prison discipline. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995). Prison officials, such as the DHO, are in a better position to appreciate the risk of future conflict that may arise from one offender's intrusion upon another offender's bodily integrity -- minor as it may seem to an outside observer. Moreover, while Hale claims that he was merely "horseplaying," and did not intend to splash water on inmate Pierce, his intent is not relevant to the charged offense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (lack of specific intent and self-defense are not valid defenses to assault in the context of a prison disciplinary action). The DHO had sufficient evidence to find Hale guilty, and thus Hale is not entitled to habeas corpus relief.

ACCORDINGLY:

Petitioner Michael Hale's habeas corpus petition (ECF 1) is **DENIED**. The Clerk is directed to **CLOSE** this case.

SO ORDERED on November 15, 2018.

/s/ Philip P. Simon
United States District Judge